UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ROBINSON,

        Plaintiff,

                                    CASE NO. 2:15-CV-10481
v.                                     HONORABLE AVERN COHN

ERIC M. GUTENBERG, et al.,

        Defendants.
_____/

## **ORDER OF DISMISSAL**

### **I. Introduction**

      This is a pro se civil rights case brought under 42 U.S.C. § 1983. Michigan prisoner Christopher Robinson (Robinson) challenges his state criminal proceedings.[1] He names Washtenaw County prosecutors Eric M. Gutenberg, Karen L. Field, and Nimish R. Ganatra and Washtenaw County judges Joseph F. Burke and Allan Thomas Truesdell as defendants and is suing them in their official and individual capacities. Robinson seeks injunctive relief and monetary damages. Robinson has been granted leave to proceed without prepayment of the filing fee for this action. See 28 U.S.C. § 1915(a)(1). As will be explained, the complaint will be dismissed.

---

[1] Robinson was convicted of assaulting, resisting, or obstructing a police officer in the Washtenaw County Circuit Court and was sentenced to two to four years imprisonment on January 7, 2014. He is also serving sentences of 12 to 30 years imprisonment for first-degree criminal sexual conduct and two to four years imprisonment for assaulting an employee or jail escape, which were imposed in 1990. See Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=206760.

### II.  Legal Standards

The Court is required to <u>sua sponte</u> dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

A <u>pro se</u> civil rights complaint is to be construed liberally.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).  To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  <u>Flagg Bros. v. Brooks</u>, 436 U.S. 149, 155-57 (1978); <u>Harris v. Circleville</u>, 583 F.3d 356, 364 (6th Cir. 2009).

### III.  Discussion

#### A.  Criminal Proceedings Claims

A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 (1973), not the <u>validity</u> of continued confinement.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994)

(holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. Id. at 487-89.

Heck and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in Heck is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486.

Here, Robinson's claims concern the validity of his 2013-2014 state criminal proceedings. If Robinson were to prevail on these claims, his most recent conviction and continued confinement would be called into question. This is not permitted under Heck. Thus, his civil rights claims must be dismissed.

### B. Absolute Immunity for State Prosecutors and Judges

As noted above, Robinson names three state prosecutors, Gutenberg, Field, and Ganatra, and two state judicial officers, Burke and Truesdell, as defendants and is sues them for damages in their individual capacities. His claims against these defendants

are also subject to dismissal based upon absolute prosecutorial and judicial immunity.

The defendant prosecutors are entitled to absolute immunity on the plaintiff's claims against them in their individual capacities for damages. It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Higgason v. Stephens, 288 F.3d 868, 878 (6th Cir. 2002); see also Van de Kamp v. Goldstein, 555 U.S. 335, 342-43 (2009). This immunity covers a prosecutor's actions in preparing and filing charging documents, including requests for arrest warrants, Kalina v. Fletcher, 522 U.S. 118, 129 (1997), and the decision file a criminal complaint. Ireland v. Tunis, 113 F.3d 1435, 1446 (6th Cir. 1997). It even applies when a prosecutor acts wrongfully or maliciously. See Grant v. Hollenbach, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to the grand jury). The prosecutors are therefore entitled to absolute immunity on any personal claim for damages arising from their actions as advocates in Robinson's criminal proceedings.

The state court judges are similarly entitled to absolute immunity on Robinson's claims for damages against them in their individual capacities. Judges are entitled to absolute judicial immunity on claims for monetary damages under 42 U.S.C. § 1983. See Mireles v Waco, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); Bush v. Rauch, 38 F.3d 842, 847

(6th Cir. 1994).[2]  Robinson's claims against the judges concern the performance of their judicial duties.  Thus, they are entitled to absolute judicial immunity for their actions.

### IV.  Conclusion

For the reasons stated above, the complaint does not raise any plausible claims for relief.  Robinson's claims related to his criminal proceedings are barred by Heck and the defendants are entitled to either prosecutorial or judicial immunity.

Accordingly, the complaint is DISMISSED under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[3]  The Court also concludes that an appeal from this decision would be frivolous and cannot be taken in good faith.  See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  February 17, 2015

---

[2] The 1996 amendments to 42 U.S.C. § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief.  See 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); see also Kipen v. Lawson, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); Kircher v. City of Ypsilanti, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006).

[3] The Court notes that Robinson has previously filed a similar civil rights complaint against four of the same defendants (Gutenberg, Field, Burke, and Truesdell) challenging his state criminal proceedings (and raising claims against other defendants) which was summarily dismissed pursuant to Heck.  See Robinson v. Booth, et al., No. 2:14-CV-10201 (E.D. Mich. Feb. 12, 2014).  To the extent that he re-asserts those same dismissed claims, his complaint is also subject to dismissal based upon the doctrine of res judicata.  See Bittinger v. Tecumseh Prods. Co., 123 F.3d 877, 880 (6th Cir. 1997) (discussing four elements); see also Butts v. Wilkinson, 145 F.3d 1330, 1998 WL 152778, *1 (6th Cir. 1998) (unpublished) (upholding dismissal of prisoner civil rights complaint pursuant to 28 U.S.C. § 1915A based upon res judicata doctrine).

15-10481 Robinson v Gutenberg, et al

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 17, 2015, by electronic and/or ordinary mail.

                          S/Sakne Chami
                          Case Manager, (313) 234-5160